# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD L. BRICKER,** | : CIVIL NO. 1:CV-09-00582 |
| **Plaintiff** | : (Judge Rambo) |
| v. | : |
| **MICHAEL W. HARLOW,** *et al.*, | : |
| **Defendants** | : |

## M E M O R A N D U M

Before the court is the amended civil rights complaint pursuant to 42 U.S.C. § 1983, filed, *pro se*, by Plaintiff Ronald L. Bricker, an inmate currently confined at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI-Houtzdale"). (Doc. 14.) Named as defendants are several individuals employed by the Department of Corrections ("DOC"),[1] several attorneys and other individuals employed by the

---

[1] DOC officials named in the caption of the complaint are as follows: Michael W. Harlow, Superintendent of SCI-Mercer; Fred J. Ruffo, DSCS, SCI-Mercer; William Ayers, Intelligence/Security; William (Bill) Woods, Unit Manager; Mrs. Foust, Counselor; Randall E. Britton, Superintendent of SCI-Houtzdale; David L. Kessling, Deputy Superintendent; David J. Close, Deputy Superintendent; Captain Drexler, 6-2 Shift Commander; Mary Jo Barber, Unit Manager; Tara Dively, Counselor; Sgt. Ray; C.O. Gray; Jeffrey A. Beard, Secretary; John S. Shaffer, Executive Deputy Secretary; William D. Sprenkle, Executive Secretary; Judith Viglione, Bureau of Inmate Services; James C. Barnacle, Director; David S. Novitsky, Deputy Director; Jeff A. Horton, Major SCI Houtzdale; Roane Lytle, Librarian, Houtzdale; and Heather Moore, Mail Supervisor, SCI Houtzdale. (Doc. 14 at 1-2.)

Commonwealth of Pennsylvania,[2] and several judicial officers.[3] Plaintiff's claims relate to his criminal conviction and current and post conditions of confinement.

In a memorandum and order dated April 29, 2009, the court determined that Plaintiff's complaint failed to comply with the requirements of Federal Rules of Civil Procedure 8 and 20. (Doc. 8.) Plaintiff was directed to file an amended complaint on or before May 19, 2009. (*Id.*) The memorandum and order forewarned Plaintiff that failure to timely file an amended complaint that complies with the Federal Rules of Civil Procedure would result in dismissal of this action.

Plaintiff filed an amended complaint on June 8, 2009.[4] (Doc. 14.) Plaintiff did not previously seek an extension of time in which to file the amended complaint. Thus, the amended complaint is untimely and will not be accepted by the court. Moreover, since Plaintiff has failed to cure the pleading deficiencies of the original pleading, the court will dismiss this action.

*Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *Haines v. Kerner*, 404 U.S. 519 (1972). They are not, however, free to ignore

---

[2] The legal officers and other individuals employed by the Commonwealth named in the caption of the complaint are as follows: Paul R. Scholle, Deputy Attorney General; Susan J. Forney, Chief Attorney General; Thomas W. Corbett, Jr., Attorney General; and "All John and Jane Doe's Attorney's who comes forth to represent any named defendant's, will be named herein as a defendant as being in suit from start of this suit." (Doc. 14 at 2.)

[3] The judicial officers named in the complaint are as follows: the Honorable David Stewart Cercone; the Honorable Lisa Pupo Lenihan; Maureen, Patrick R., Judges of Superior Court." (Doc. 14 at 1-2.)

[4] The cover letter on the complaint was dated June 4, 2009. (Doc. 14.)

the Federal Rules of Civil Procedure. In his amended complaint, Plaintiff has not adhered to the minimal demands of Rules 8 and 20.

Rule 8(a) requires a short and plain statement of the plaintiff's claims. Plaintiff's 114-paragraph amended complaint does not meet the mandates of this rule. The following are some examples of the rambling, disjointed, and confounding averments, replete with typographical and other errors, presented in the amended complaint:

> 51. Pennsylvania has an indeterminate sentencing law for charges of felony offenders, meaning that causes which wasn't criminal, are made into felony charges. All happening while simultaneously acknowledging the realities of a prison population where some offenders are incorrigible innocent of the charges. This is done by Corrupted Judges and Attorney's of the courts. Such as the defendant's named herein. Pa. General Assembly created a classic indeterminate sentencing SCHEME, inbracing all fundamental tents of its underlying penological philophy, including its embeded bias favoring rehabilitation while simultaneously acknowledging incorrigibility. All done in violation of Pa. Const. 1968 which having NO CRIMINAL CODE which violates U.S. Constitution. So all these violations must stop, so to stop the violation of the Due Process of Law, and United States Constitution.

\* \* \*

> 61. Plaintiff was convicted in a court under the gold-fringed military flag of war, enforcing the private, general equity, admiraly/maritime law in the courtrooms. Not the American flag descibed in title 4.. Admiralty is an unique jurisdiction in that it carries criminal penalties for civil offenses, only jurisdiction where military might is employed to private contracts, Military courtrooms can not bring an accused under such jurisdiction, unless there is a valid international contract in dispute, but our courts today disguise it as Statutory jurisdiction.

\* \* \*

69. Plaintiff is fully aware of the ALL-CAPITAL-LETTER name, the ens legis from his natural name. The new all cap NAME is a corporate business name that was entered in the 14th Amendment under citizen of the United States once U.S. Government became bankrupt. This method to conduct business in making the legal fiction, property, so since the all-capital-letter is property, just compensation must be awarded.

\* \* \*

93. "Ironically", the courtroons of today are under military occupation by conquering foreign creditors of the Federal Reserve/IMF and its garrison troops, the British Esquire of the bench and the Bar Association, under mission statement. The term mission statement is a military designator and any organization with a mission statement is a military unit. All 15 bureaus of the Puerto Rico, bassed Department of Treasury including Tobacco and Firearms, all state tax agencies, and all Bar Association operate under a mission statement. Which means Esquire, Judges, and Attorneys are military officers of the Crown another front for Federal Reserve/IMF carring out overall mission of the bar.

(Doc. 14.) In light of such averments, Defendants would be hard-pressed to form a meaningful response to such an amended pleading.

Plaintiff also has failed to comply with the court's order with respect to joining unrelated claims and parties in one complaint. Rule 20(a) provides:

(a)  Persons Who May Join or Be Joined.

\* \* \*

(2)  Defendants. Persons . . . may be joined in one action as defendants if:
 (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

4

(B) any question of law or fact common to all defendants
                    will arise in the action.

        (3) Extent of Relief. Neither a plaintiff nor a defendant need be
            interested in obtaining or defending against all the relief
            demanded. The court may grant judgment to one or more
            plaintiffs according to their rights, and against one or more
            defendants according to their liabilities.

Fed. R. Civ. P. 20(a). Further, as previously explained to Plaintiff, Rule 20 is a flexible rule that allows for fairness and judicial economy.

> Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986). The policy of liberal application of Rule 20, however, is not a license to join any and all claims and defendants in one lawsuit:

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction of occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

In the instant case, like the original complaint, Plaintiff's amended complaint names multiple defendants and contains numerous claims concerning unconnected issues, such as claims relating to Plaintiff's criminal conviction and current and past

5

conditions of confinement. The claims against Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question or law or fact common to all Defendants. A careful reading of Plaintiff's allegations do not reveal a common thread as to legal issues or facts whatsoever. As such, the claims do not satisfy the requirements for joinder, even under a liberal application of Rule 20.

As noted above, Plaintiff was directed to timely file an amended complaint which complies with the Federal Rules of Civil Procedure. Plaintiff was informed that the amended complaint should set forth his claims in short, concise and plain statements; the claims set forth should arise out of the same transaction, occurrence, or series of transactions or occurrences; and they should contain a question of law or fact common to all Defendants. Ultimately, Plaintiff was forewarned that if he failed to timely file an amended complaint adhering to the standards set forth in the order, this action may be dismissed.[5] (Doc. 8.) Because Plaintiff has not complied with the

---

[5] The order also indicated that if Plaintiff failed to comply with the order, the original complaint may be addressed on the merits. (Doc. 8.) However, as stated in the court's order, Plaintiff's original complaint, naming forty-three (43) defendants and consisting of thirty-one (31) pages of narrative, is difficult to decipher and fails to sufficiently allege personal involvement of each defendant or to state that any conduct attributable to each of them amounts to a violation of Plaintiff's constitutional rights. In fact, the court is unable to discern any legal theory with potential merit. *See Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989) (stating that a complaint "based on an indisputedly meritless legal theory," will be dismissed, without prejudice). As such, the original complaint is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Under the circumstances, the court is confident that service of process of the original complaint is not only unwarranted, but would waste the increasingly scarce judicial resources that section 1915 is designed to preserve. *See Roman v. Jeffes*, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

court's order, this action will be dismissed. *See Iseley v. Bitner*, 216 Fed. Appx. 252, 255 (3d Cir. 2007) (dismissal by the court on its own initiative is warranted where plaintiff fails to comply with court orders directing adherence to rules governing joinder of parties and claims, thereby making impossible adjudication of a case asserting a plethora or unrelated claims against numerous defendants); *Mincy v. Klem*, No. 1:07-cv-0340, 2007 WL 1576444 (M.D. Pa. May 30, 2007) (dismissing action because plaintiff's amended complaint, asserting numerous claims against scores of defendants did not comply with court order directing adherence to the requirements of Rules 8 and 20).[6]

An appropriate order will be issued.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: June 17, 2009.

---

[6] The court in *Mincy* also recognized

> Ordinarily a district court is required to consider and balance the six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), when deciding, *sua sponte*, to use dismissal as a sanction. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary.

*Mincy*, 2007 WL 1576444, at *2. As in *Mincy*, this is also such a case.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. BRICKER, | : CIVIL NO. 1:CV-09-00582 |
| Plaintiff | : (Judge Rambo) |
| v. | : |
| MICHAEL W. HARLOW, *et al.*, | : |
| Defendants | : |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) This action is **DISMISSED** without prejudice.

2) The motion for preliminary injunction (Doc. 2) is **DENIED**.

3) The Clerk of Court is directed to **CLOSE** this case.

                                    s/Sylvia H. Rambo
                                   United States District Judge

Dated: June 17, 2009.